TROJAN LAW OFFICES, P.C.
R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Z. Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone:  310-777-8399
Facsimile:  310-777-8348

Attorneys for Plaintiff,
Adedamola Ojo, a.k.a., John Ojo

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Adedamola Ojo, a.k.a., John Ojo, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>American Honda Finance Corporation, a California Corporation,<br><br>  Defendant. | Case No. 2:26-cv-2592<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR INFRINGEMENT OF U.S. PATENT NO. 12,477,066 UNDER 35 U.S.C. § 271**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adedamola Ojo, a.k.a., John Ojo (hereinafter, "Mr. Ojo" or "Ojo") hereby complains against Defendant American Honda Finance Corporation (hereinafter, "AHFC") as follows:

1. This is a civil action for patent infringement arising under the Patent Laws of the United States.

## I. THE PARTIES

2. Plaintiff Ojo is a resident of Torrance, California, and an independent inventor. He has a B.S. in Mathematics, a B.S. in Economics, and an MBA in Finance.

3. Plaintiff Ojo is the sole inventor and owner of U.S. Patent No. 12,477,066, entitled Best Time to Call in Automatic Dialing Operations, attached hereto as Exhibit 1 (hereinafter, "'066 Patent").

4. Defendant AHFC is a subsidiary of American Honda Motor Co., Inc., whose primary purpose is supporting the sale of Honda and Acura products. Defendant AHFC provides retail installment sales contracts and leasing for new and used cars, motorcycles, and power equipment to support the sale and lease of Honda and Acura products.

5. Defendant AHFC is a California corporation and maintains its corporate headquarters at 1919 Torrance Blvd., Torrance, California 90501 located in the Central District of California. Defendant AHFC regularly conducts business in this judicial district and throughout the United States.

## II. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over Plaintiff's patent infringement claim pursuant to 28 U.S.C. § 1338(a).

7. This Court has personal jurisdiction over Defendant AHFC because AHFC practices the patented method described in the Patent within the Central District of California and/or has approved, authorized, ratified, and/or provided material support for the infringing activities within the Central District of California.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400 because the acts complained of herein have been committed and are being committed in this judicial district. Venue is also proper in the Central District because the Court has general personal jurisdiction over Defendant AHFC as a result of conducting business in this judicial district since 1980 and specific personal jurisdiction as a result of the infringing activities in the Central District.

## III.   FACTUAL BACKGROUND

9. The core purpose of the invention described in the '066 Patent is to improve collections on delinquent accounts and reduce the staffing and overhead costs of collection efforts by making collections more efficient. The claimed invention in the '066 Patent achieves its goal by determining the best time to call (BTTC) a customer and by dividing customers into levels of collection difficulty. These determinations are made by statistical analysis of robocalls to each customer's telephone number(s). The resulting analysis is used to narrow the time window for placing robocalls to a particular customer (BTTC), assign successful calls to a live agent, and can include instructions on how best to handle the particular call to maximize collection based upon the statistical analysis of the collection difficulty.

10. Plaintiff Ojo's invention has been a game changer for Defendant AHFC. On information and belief, Plaintiff alleges that the use of the patented technology by Defendant AHFC has resulted in an estimated reduction of greater than $50 million of net credit losses annually. Defendant AHFC has been placed on notice of its infringement of the '066 Patent but has not responded in a meaningful manner to resolve the infringement.

11. Plaintiff Ojo is currently an Assistant Collections Manager at Defendant AHFC. Before joining Defendant AHFC in 2008, Plaintiff Ojo conceived of the first elements of his BTTC technology. Plaintiff implemented a rudimentary beta version of his BTTC technology at Chrysler Financial. Plaintiff left Chrysler

Financial in 2008 amid a severe liquidity crisis, which led to Chrysler, the parent of Chrysler Financial declaring bankruptcy in April, 2009. Plaintiff took the time after leaving Chrysler to further develop his BTTC technology model to include the elements contained in the claims of the '066 Patent. Plaintiff kept secret for many years the more fully developed and robust version of his BTTC technology, waiting for the right opportunity to commercialize his invention.

12. Plaintiff finally saw the opportunity to commercialize his improved BTTC technology in 2020. In that year, the Consumer Financial Protection Bureau (CFPB) informed financial institutions that beginning on November 30, 2021, the CFPB would be implementing and enforcing Regulation F which was intended to modernize the regulations under the Fair Debt Collection Practices Act (FDCPA). The new CFPB regulations stated that collectors may call delinquent customers no more than 7 times in 7 days. The regulation applied to debt collectors.

13. In 2020, management at AHFC was aware of the new regulations on the horizon. While Regulation F would apply to debt collectors, not creditors such as AHFC, AHFC leadership was concerned that Regulation F would eventually be applied to creditors such as AHFC. AHFC's practice of calling customers 2-3 times per day would be in violation of the regulations.

14. Mr. Ojo was aware that AHFC management was concerned about Regulation F and proposed that his improved BTTC technology could bring AHFC into compliance with Regulation F. AHFC Management accepted his proposal and Mr. Ojo's improved BTTC system went live at AHFC on November 19, 2021.

15. Plaintiff Ojo knows that Defendant AHFC is practicing at least Claim 1 of Plaintiff's '066 Patent because Plaintiff helped Defendant AHFC implement the system at the request of AHFC management.

## IV.   COUNT FOR INFRINGEMENT OF UNITED STATES PATENT NO. 12,477,066

16. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 15.

17. Plaintiff Ojo is the inventor and sole owner of the '066 Patent, which was duly issued by the United States Patent Office on November 18, 2025. The '066 Patent is valid and enforceable and Mr. Ojo has the full right to bring suit to enforce the patent and the right to obtain relief for infringement based upon his undivided interest in the patent.

18. Upon information and belief, Defendant AHFC is actively infringing the '066 Patent because Defendant operates a debt collection call system that has all of the elements of Claim 1 of the '066 Patent.

19. Exhibit 2 attached hereto and filed under seal is one of Defendant AHFC's internal Business Requirement Documents in which an internal Request for System Service (RSS) outlines the implementation of an improved BTTC debt collection call system designated as RSS 49718_v9c_May 21, 2025. On information and belief, RSS 49718_v9c_May 21, 2025 and its earlier versions have been implemented at Defendant AHFC.

20. Exhibit 3 attached hereto and filed under seal is a Claim Chart correlating the elements of RSS 49718_v9c_May 21, 2025 to each of the elements of Claim 1 of the '066 Patent. As a consequence, Defendant AHFC infringes at least Claim 1 of the '066 Patent because Claim 1 reads on the method of debt collection described in RSS 49718_v9c_May 21, 2025.

21. Plaintiff's patent application that matured into the '066 Patent was first published on May 9, 2024 having Publication No. US20240155052A1. Plaintiff Ojo is entitled to a reasonable royalty after publication of his patent application and before the '066 Patent issued pursuant to the provisional patent rights provision contained in 35 U.S.C. § 154(d).

22. A royalty is available under provisional patent rights if "the invention as claimed in the patent is substantially identical to the invention as claimed in the

published patent application." See 35 U.S.C. § 154(d)(2). When the patent application was prosecuted, the Patent Examiner found allowable subject matter on the first Office Action. Claim 5 was allowable if the limitations of the elements of the base claim and intervening claims were added to Claim 5. Hence, Claim 5 in the original application is substantially identical to issued Claim 1 in the '066 Patent. For this reason, "the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application." See 35 U.S.C. § 154(d)(2). Hence, Plaintiff is entitled to claim provisional patent rights.

23. Provisional patent rights also require that the Defendant AHFC had actual notice of the published application. See 35 U.S.C. § 154(d)(1)(B). To meet this notice requirement, correspondence between the parties indicates that the Publication Number was provided to Defendant AHFC at least as early as January, 2025, but in fact Defendant AHFC already had the published claims in its possession by at least late 2024.

24. Plaintiff Ojo is entitled to a reasonable royalty by January, 2025, and possibly earlier, according to proof, under the provisional patent rights granted under 35 U.S.C. § 154(d).

25. Plaintiff Ojo is entitled to a reasonable royalty for Defendant AHFC's continued use of technology covered by the '066 Patent until the '066 Patent expires on November 26, 2043

26. In spite of being on notice of the '066 Patent, Defendant AHFC has refused to stop infringing and has refused to pay a reasonable royalty for its continued use of the patented technology. Defendant AHFC has no substantial justification for its willful infringement. As a consequence, Plaintiff Ojo is entitled to treble damages and attorneys' fees under 35 U.S.C. §§ 284 and 285 et seq.

## V. PRAYER OF RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

    a.    A preliminary injunction barring Defendant and all of its agents, officers, attorneys, successors, and assigns from practicing the invention described in the '066 Patent;

    b.    A judgment against Defendant for compensatory damages in the form of a reasonable royalty and prejudgment interest;

    c.    For damages adequate to compensate Plaintiff for Defendant's patent infringement, in an amount no less than $10,000,000, or according to proof at trial;

    d.    Treble damages and attorney fees pursuant to 35 U.S.C. §§ 284 and 285 for this exceptional case of willful infringement of the '066 Patent by Defendant AHFC;

    e.    Costs of suit and prejudgment interest against Defendant; and

    f.    Any and all other relief that the Court deems proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby exercises his right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demands a jury trial in accordance therewith.

Respectfully submitted,

TROJAN LAW OFFICES, P.C.

By

Dated: March 11, 2026

/s/ R. Joseph Trojan
R. Joseph Trojan
Attorney for Plaintiff
Adedamola Ojo, a.k.a., John Ojo